Magistrate Judge Benton

06-CR-00039-PLAGR

FILED
LODGED
ENTERED
RECEIVED

MAR - 3 2006

BY     CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR06-0039MJB |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| SMOKI FOODS, INC., ) | |
| Defendant. ) | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Carl Blackstone and Lawrence R. Lincoln, Assistant United States Attorneys for said District, and the corporate Defendant, Smoki Foods, Inc. ("Defendant"), and its attorneys, Dan R. Dubitzky, Alan Zarky, and Cyrus R. Vance, Jr., enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.    The Charges. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Information: Introduction of Adulterated Food into Interstate Commerce, as charged in Counts 1 and 2, in violation of Title 21 United States Code, Section 331(a).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering its plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.      Elements of the Offense.  The elements of the offense of Introduction of Adulterated Food into Interstate Commerce, as charged in Counts 1 and 2, in violation of Title 21, United States Code, Section 331(a), are as follows:  (1) an agent or employee of Smoki Foods, Inc. acting within the scope of his/her employment and with the intent to benefit the corporation, (2) introduced or delivered for introduction into interstate commerce; (3) a food product; (4) containing a deleterious substance which may have rendered it injurious to health.

3.      The Penalties.  Defendant understands that the statutory penalties for the offenses of Introduction of Adulterated Food into Interstate Commerce, as charged in Counts 1 and 2 are with respect to each count, a fine of up to two hundred thousand dollars ($200,000), a term of probation of up to five (5) years, and a mandatory one hundred twenty-five dollar ($125.00) special penalty assessment.  Defendant agrees that the mandatory penalty assessment shall be paid at or before the time of sentencing.  Defendant understands that in addition to any fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

4.      Rights Waived by Pleading Guilty.  Defendant understands that, by pleading guilty, it knowingly and voluntarily waives the following rights:

     a.      The right to plead not guilty, and to persist in a plea of not guilty;

     b.      The right to a speedy and public trial before a jury of Defendant's peers;

     c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

     d.      The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

     e.      The right to confront and cross-examine witnesses against Defendant at trial;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    f.  The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.  The right to appeal a finding of guilt or any pretrial rulings.

  5.  <u>United States Sentencing Guidelines.</u>  Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances and of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

    a.  The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.  After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.  The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.    Except as provided in paragraph 7 below, <u>Sentencing</u>, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

       6.    <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits that it is guilty of the charged offenses and expressly waives any right to have these facts determined by a jury beyond a reasonable doubt.

       a.    Smoki Foods, Inc. Is a Washington corporation engaged in holding, preparing, packing, selling and distributing fish products to its customers.

       b.    In or about August 2001, Smoki Foods, Inc. purchased approximately 287,000 pounds of fish for approximately $23,000 at auction in Vancouver, British Columbia, Canada. The fish previously had been contaminated with ammonia when a malfunction at a Canadian cold storage facility caused liquid ammonia to be sprayed on the fish.

       c.    In or about December 2001, Smoki Foods, Inc. lawfully imported the aforementioned fish into the United States, subject to the restriction imposed by the Food and Drug Administration ("FDA") that the fish not be sold for human consumption. The FDA also required that containers of the aforementioned fish bear labels stating, "Not For Human Consumption/Bait Only," or labels to similar effect.

       d.    On or about August 15, 2002, within the Western District of Washington, and elsewhere, Smoki Foods, Inc. introduced and delivered for introduction, and caused to be introduced and delivered for introduction, into interstate commerce at Seattle, Washington, for delivery to Naturally Canadian S.A. de C.V., C/O Cabezut International, Inc., in Laredo, Texas, and elsewhere, approximately 39,444 pounds of the aforementioned fish that had been adulterated within the meaning of Title 21, United States Code, Section 342(b)(1).

       e.    On or about January 31, 2002, within the Western District of Washington, and elsewhere, Smoki Foods, Inc. introduced and delivered for introduction, and caused to be introduced and delivered for introduction, into interstate

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

commerce at Seattle, Washington, for delivery to Tampa Bay Fisheries at Dover, Florida, approximately 551 pounds of the aforementioned fish that had been adulterated within the meaning of Title 21, United States Code, Section 342(b)(1).

7.    Sentencing. Pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, the government and Defendant Smoki Foods agree that the appropriate sentence to be imposed by the Court is a total monetary penalty and community service payment totaling Four Hundred Thousand Dollars (*$400,000*), plus the mandatory special assessment discussed below. If the sentencing court rejects the agreement of the parties with regard to the appropriate sentence, both the Defendant and the United States reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. No other agreement has been made with regard to the imposition of the sentence in this matter. The parties agree that the sentence should be imposed as follows:

a.    Fine. Defendant shall pay an aggregate criminal fine with respect to both counts of conviction in an amount totaling Two Hundred Sixty-six -Thousand Six Hundred Sixty Six Dollars (*$266,666*).

b.    Mandatory Special Assessment. Defendant shall pay an aggregate mandatory special assessment for both counts of conviction in an amount totaling two hundred fifty dollars ($250).

c.    Restitution. The parties agree that there is no restitution owing with respect to the counts of conviction.

d.    Community Service. Defendant shall make an organizational community service payment in the amount of One Hundred Thirty Three Thousand, Three Hundred Thirty Four Dollars ($133,334), pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Half of the community service payments will be made to the National Fish and Wildlife Foundation ("the NFWF") and half to Sea Share. Sea Share is a charitable and nonprofit organization, the seafood Industry's link to hunger-relief efforts *in*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  America. The NFWF is a charitable and nonprofit corporation established pursuant to 16
2  U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private
3  gifts of property for the benefit of, or in connection with, the activities and services of the
4  United States Fish and Wildlife Service," and the performance of "such other activities as
5  will further the conservation and management of the fish, wildlife, and plant resources of
6  the United States, and its territories and possessions for present and future generations of
7  Americans." Id.§ 3701(b)(1), (2). The NFWF is empowered to "do any and all acts
8  necessary and proper to carry out" these purposes, including, specifically, solicitation,
9  acceptance, and administration of "any gift, devise or bequest . . . of real or personal
10 property." Id. § 3703(c)(1), (7). Because the payment constitutes community service,
11 Defendant will not characterize, publicize or refer to these community service payments as
12 voluntary donations or contributions.

13        e.    Payments. Defendant further agrees that if the terms of this Rule
14 11(c)(1)(C) agreement are accepted by the Court, the payments imposed as a sentence
15 consistent with this Plea Agreement, including the fines, community service, and special
16 assessments, shall be paid on the day of sentencing. Payments of the criminal fine and
17 special assessments shall be made in the form of a check(s) payable to "United States
18 District Court Clerk." The payment of the community service amount set forth in
19 paragraph 7(d) above; shall be made in the form of a check payable as directed for the
20 benefit of the NFWF and Sea Share.

21        f.    Probation. Further, pursuant to Rule 11(c)(1)(C), the parties agree
22 that the Defendant will not be placed on organizational probation.

23    8.    Interdependence of Plea Agreements. The parties agree that this Plea
24 Agreement shall be conditioned upon the Court's acceptance of the Plea Agreement in the
25 matter of United States v. Rodger May, CR06-0040MJB. Defendant understands,
26 therefore, that this Agreement is part of a package plea agreement with the United States,
27 to wit: If either Defendant or Rodger May does not enter into and plead guilty pursuant to
28 its/his respective Plea Agreement, or if either Defendant or Rodger May subsequently

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  seeks to withdraw its/his guilty plea, then the United States will be free to withdraw both

2  Plea Agreements and seek indictments against both parties for all offenses for which the

3  United States has sufficient evidence.

4       9.      Non-Prosecution of Additional Offenses.  As part of this Plea Agreement,

5  the United States Attorney's Office for the Western District of Washington agrees to not to

6  prosecute Defendant its present or former officers, employees, or agents for any additional

7  offenses that are based upon evidence in its possession at this time, or that arise out of the

8  conduct giving rise to this investigation.  In this regard, Defendant recognizes that the

9  United States has agreed not to prosecute all of the criminal charges that the United States

10  believes the evidence establishes were committed by Defendant solely because of the

11  promises made by Defendant in this Agreement.  The United States agrees that it will not

12  take any further civil or criminal actions against defendant on behalf of the Food and Drug

13  Administration ("FDA") that are based upon the conduct described in paragraph 6 of this

14  Plea Agreement.  The agreement not to seek further civil or criminal action based on the

15  conduct described in paragraph 6 of this Plea Agreement is conditioned upon defendant's

16  and Rodger May's representation that all of the tainted fish which is the subject of this

17  criminal case has either been destroyed or is no longer under the defendant's or Rodger

18  May's control.  Defendant acknowledges and agrees, however, that for purposes of

19  preparing the Presentence Report, the United States Attorney's Office will provide the

20  United States Probation Office with evidence of all relevant conduct committed by

21  Defendant.

22       10.      The Consent Decree  The United States agrees that if Rodger May, Lisa

23  May, and Smoki Foods correct the objectionable conditions noted in the amended FDA

24  Form 483 issued to Smoki Foods by the FDA on September 1, 2005, the United States will

25  not take any enforcement action (including required cessation of operations) under the

26  Consent Decree entered on July 10, 2000, between the United States and Smoki Foods,

27  Rodger May, and Lisa May based upon any actions or conditions that existed prior to the

28  date of this plea agreement.  In the event that a violation of the Consent Decree occurs

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  subsequent to the date of this plea agreement, nothing in this plea agreement shall prevent
2  the United States from presenting evidence that such a violation was ongoing prior to the
3  date of this plea agreement.

4      11.   Voluntariness of Plea.  Defendant acknowledges that it has entered into this
5  Plea Agreement freely and voluntarily, and that no threats or promises, other than the
6  promises contained in this Plea Agreement, were made to induce Defendant to enter its
7  pleas of guilty.

8      12.   Statute of Limitations.  In the event that this Agreement is not accepted by
9  the Court for any reason, or Defendant has breached any of the terms of this Plea
10 Agreement, the statute of limitations shall be deemed to have been tolled from the date of
11 the Plea Agreement to:  (1) 30 days following the date of non-acceptance of the Plea
12 Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea
13 Agreement by Defendant is discovered by the United States Attorney's Office.

14     13.   Completeness of Agreement.  The United States and Defendant
15 acknowledge that these terms constitute the entire Plea Agreement between the parties.
16 Except as described elsewhere in this Agreement, this Agreement only binds the United
17 States Attorney's Office for the Western District and it does not bind any other

18
19
20
21
22
23
24
25
26
27
28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   United States Attorney's Office or any other office or agency of the United States, or any

2   state or local prosecutor.

3        Dated this __6__ day of ~~February~~ March, 2006.

4

5   FOR THE UNITED STATES:          FOR SMOKI FOODS, INC.

6

7   CARL BLACKSTONE                 RODGER MAY
8   Assistant United States Attorney   Vice-President, Smoki Foods, Inc.

9

10  LAWRENCE LINCOLN                DAN R. DUBITZKY
11  Assistant United States Attorney   Attorney for Defendant

12

13                                  ALAN ZARKY
14                                  Attorney for Defendant

15

16                                  CYRUS R. VANCE, JR.
17                                  Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT/SMOKI FOODS - 9